**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONALD J. STONE AND DEBORAH L. STONE,** | : | No. 4:17-CV-0864 |
| **Plaintiffs** | : | |
| | : | **Honorable John Jones, III** |
| **v.** | : | |
| | : | **Electronically Filed Document** |
| **SHAWN WALTMAN, JAMES WOOL, CORRECT CARE SOLUTIONS,LLC, LESLIE BLAIR-MORRISON, WENDY NICHOLAS, WILLIAM FRANTZ, JOHN WETZEL, MICHAEL SHIREY, AARON BIICHLE, ROBERT SMITH, TYREE C. BLOCKER, CHELSEY CAMP and CHERYL BASKERVILLE,** | : | |
| **Defendants** | : | *Complaint Filed 5/16/17* |

**BRIEF IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINTOF THE DEPARTMENT OF CORRECTIONS DEFENDANTS AND PENNSYLVANIA STATE POLICE DEFENDANTS**

**PROCEDURAL HISTORY**

Plaintiff filed a Complaint on May 16, 2017, asserting a variety of claims against a number of Defendants. *Doc. 1.* Service of the summons was waived by the Department of Corrections (DOC) Defendants (Waltman, Blair-Morrison, Nicholas, Frantz, Wetzel, Shirey, and Smith) and the Pennsylvania State Police (PSP) Defendants (Wool and Blocker) on June 15, 2017 *(Doc. 7);* by Defendant Biichle on

June 15, 2017 (*Doc. 5*); by Defendant Correct Care Solutions (CCS) on June 29, 2017 *(Doc. 10);* and by Defendant Camp on August 4, 2017 *(Doc. 26).* There is no indication that Defendant Baskerville has been served. On July 6, 2017, Plaintiffs voluntarily dismissed Defendants Corporate Creations Network, Inc.; Wexford Health Sources, Inc.; and Corizon Health, Inc. *Doc. 11-13.* On July 17, 2017, the DOC and PSP Defendants filed a Motion for Partial Dismissal and Brief in Support. *Doc. 16-17.* Plaintiff filed an Amended Complaint on August 3, 2017. *Doc. 25.* DOC and PSP Defendants have now moved for Partial Dismissal of the Amended Complaint. This Brief is submitted in support thereof.

## STATEMENT OF FACTS

Plaintiff, Donald Stone, is a medical doctor who was employed by CCS to provide medical services at the State Correctional Institution at Muncy (SCI Muncy). Sometime in late May or early June 2015, Department of Corrections (DOC) staff received a report that Dr. Stone had indecent contact with Defendant Camp. DOC staff began an investigation pursuant to DC-ADM 008 which is the Prison Rape Elimination Act (PREA). As part of the investigation, PSP was contacted in accordance with PREA regulations. Ultimately, criminal charges were filed against Dr. Stone. He was also terminated from his employment with CCS, his security clearance at SCI Muncy was revoked, and his medical license was suspended. The criminal action remains pending. Dr. Stone has filed the instant action alleging that

the Defendants violated a number of his Constitutional rights and engaged in various intentional torts.  Deborah Stone, Dr. Stone's wife, has filed a loss of consortium claim.

## ISSUES PRESENTED

I. MUST PLAINTIFF'S FIFTH AMENDMENT CLAIMS (COUNTS III AND IV) BE DISMISSED BECAUSE THE DOC AND PSP DEFENDANTS ARE NOT FEDERAL ACTORS?

II. MUST THE DUE PROCESS CLAIMS RAISED IN COUNTS V AND VI BE DISMISSED BECAUSE FAILURE TO ADHERE TO ADMINISTRATIVE REGULATIONS DOES NOT EQUATE TO A CONSTITUTIONAL VIOLATION?

III. MUST THE SUBSTANTIVE DUE PROCESS CLAIM RAISED IN COUNT VII BE DISMISSED UNDER THE MORE-SPECIFIC PROVISION RULE?

IV. MUST PLAINTIFF'S CIVIL CONSPIRACY CLAIM (COUNT VIII) BE DISMISSED WHERE PLAINTIFF HAS FAILED TO ALLEGE A MEETING OF THE MINDS?

V. ARE PLAINTIFFS' STATE LAW CLAIMS (COUNTS X AND XIII) BARRED BY SOVEREIGN IMMUNITY?

VI. MUST COUNT XIV OF THE AMENDED COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR SUPERVISORY LIABILITY?

VII. MUST THE CLAIMS AGAINST DEFENDANTS BLOCKER, NICHOLAS, SMITH AND WETZEL BE DISMISSED DUE TO LACK OF PERSONAL INVOLVEMENT?

VIII. HAS PLAINTIFF FAILED TO STATE A CLAIM FOR RELIEF UNDER THE PENNSYLVANIA CONSTITUTION?

## ARGUMENT

Federal Rule of Civil Procedure 12(b)(1) provides that a complaint may be dismissed for "lack of subject-matter jurisdiction." A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) implicates the court's "very power to hear the case." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (*quoting Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Federal Rule of Civil Procedure 12(h)(3) requires a court to dismiss an action if, at any time, it determines that it lacks subject matter jurisdiction.

In assessing a 12(b)(1) motion, the Court must first determine whether it is a factual or a facial attack on the sufficiency of the complaint. *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). A factual attack argues that plaintiff's claims do not comport with jurisdictional prerequisites whereas a facial attack raises a pleading deficiency. *Id.* In a factual attack, the Court may review evidence outside the pleadings. *Id.* (*citing Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In a facial attack, the court only considers the allegations in the pleadings in the light most favorable to the plaintiff. *Atkinson*, 473 F.3d at 514 (*citing Mortensen*, 549 F.2d at 891).

A complaint must be dismissed under Fed.R.Civ.P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The plaintiff must aver "factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). "Though a complaint 'does not need detailed factual allegations, ... a formulaic recitation of the elements of a cause of action will not do.'" *DelRio–Mocci v. Connolly Prop. Inc.,* 672 F.3d 241, 245 (3d Cir.2012) (citing *Twombly,* 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials,* 710 F.3d 114, 118 (3d Cir.2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but ... disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories,* 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

**I.     Plaintiff's Fifth Amendment Claims (Counts III and IV) Must be Dismissed because the DOC and PSP Defendants are not Federal Officials**

Count III of Plaintiff's Complaint sets forth a claim for the violation of Dr. Stone's Fifth Amendment right against self-incrimination. Count IV sets forth the exact same claim under the heading "Substantive and Procedural Due Process (Fifth Amendment Self-Incrimination)." Plaintiff alleges that he made incriminating statements to Defendants Waltman and Wool while he was in custody without being given his Miranda warnings. *Doc. 25, ¶¶152, 165.* Plaintiff acknowledges that the

5

Defendants were state actors. *Doc. 25, ¶150, 163.* It is well settled in this Circuit that the 5th Amendment restricts the actions of federal officials, not state actors. *See Nguyen v. U.S. Cath. Conf.,* 719 F.2d 52, 54 (3d Cir.1983), *Kopchinski v. Green,* Civ. No. 5-6695, 2006 WL 2228864 at * 1 (E.D.Pa. Aug. 2, 2006), *Leventry v. Watts,* No. CIV.A. 06-193, 2007 WL 1469038, at *2 (W.¶D. Pa. May 17, 2007). As Defendants Waltman and Wool are state actors, Plaintiff has failed to state a claim for relief for a violation of the Fifth Amendment.

## II. The Due Process Claims Raised in Counts V and VI Must be Dismissed Because Failure to Adhere to Administrative Regulations Does Not Equate to a Constitutional Violation

Counts V and VI and Plaintiff's Amended Complaint assert violations of Plaintiff's procedural (Count V) and substantive (Count VI) due process rights based upon the alleged failure of the Defendants to follow the guidelines of PREA. *Doc. 25, ¶175-201.* Plaintiff alleges this failure amounts to a violation of his Fourteenth Amendment due process rights. *Doc. 25, ¶¶186, 199.* This argument is without merit. "A state agency's internal policies, procedures and regulations do not, in and of themselves, create a liberty interest protected by the due process clause." *Ransome v. Wetzel,* No. 16-1571, 2017 WL 2984036 (W.D. Pa., June 16, 2017). Further, "a failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson,* 1 F.3d 1063, 1068, n.4 (10th Cir. 1993). *See also, Estrella v. Hogsten*, No. 06-1340, 2007 WL 2065879 (M.D. Pa. July 16, 2007)

6

(holding that mere failure of prison officials to follow their own regulations alone is not a constitutional violation). Moreover, it is well settled that PREA does not create a private right of action. *See Williams v. Harry,* 2016 WL 9175473, *3 (M.D. Pa., Aug. 25, 2016) (collecting cases). Accordingly, the claims asserted in Counts V and VI of the Amended Complaint fail to state a claim upon which relief can be granted.

### III. The Substantive Due Process Claim Raised in Count VII Must be Dismissed Under the More-Specific Provision Rule

In *Betts v. New Castle Youth Development Center,* 621 F.3d 249 (3d Cir. 2010), the Third Circuit formally adopted the more-specific-provision rule. "Under this rule, 'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" *Id.* at 260 *quoting United States v. Lanier,* 520 U.S. 259, 272 n. 7 (1997). In adopting this rule, the *Betts* Court stated "[b]ecause [Plaintiff's] allegations fit squarely within the Eighth Amendment's prohibition on cruel and unusual punishment, we hold that the more-specific-provision rule foreclosures Betts's substantive due process claims." *Betts,* 621 F.3d at 261. Courts of this Circuit have similarly held "where the Fourth Amendment covers alleged misconduct such as searches and seizures without probable cause a plaintiff's claims must be analyzed under the Fourth Amendment, not under the rubric of substantive due process." *Lawson v. City of Coatesville,* 42 F.Supp.3d 664, 675 (E.D.Pa. Aug. 19, 2014).

7

Here, the allegations raised in Count VII are virtually identical to those raised in Count II (Fourth Amendment Illegal Search). These claims are properly analyzed under the Fourth Amendment; therefore, the substantive due process claim raised in Count VII must be dismissed.

### IV. Plaintiff's Civil Conspiracy Claim (Count VIII) Must Be Dismissed Because Plaintiff has Not Demonstrated a Meeting of the Minds

Count VIII of the Amended Complaint sets forth a claim for civil conspiracy to deprive Plaintiff of his Constitutional rights, privileges, and immunities. The Third Circuit has held "[t]o demonstrate a conspiracy under § 1983, a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of law.'" *Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir.1993) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, (1970)), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington,* 316 F.3d 392, 400 (3d Cir.2003). Key to asserting such a claim is for Plaintiff to demonstrate a "meeting of the minds." *See Adickes,* 398 U.S. at 158. This Court has held, "[b]are conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy. The plaintiff must expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." *Flanagan v. Shively,* 783 F.Supp. 922, 928 (M.D.Pa.1992). With respect to what is required to withstand a motion to dismiss on a civil conspiracy claim, the Eastern District has stated,

> [t]o withstand a motion to dismiss, a complaint alleging a civil rights conspiracy should identify with particularity the conduct violating plaintiffs' rights, the time and place of these actions, and the people responsible therefor. Specific allegations of an agreement to carry out the alleged chain of events is essential in stating a claim for conspiracy. It is not enough that the end results of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism.

*Rosembert v. Borough of East Lansdown,* 14 F.Supp.3d 631 (E.D. Pa. 2014) (*internal quotations and citations omitted*). "The facts pled … must raise 'a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.'" *Carbone v. City of New Castle,* No. 15-cv-1175, 2016 WL 406291 (W.D. Pa., Feb. 3, 2016) *(quoting Twombly, 550 U.S. at 557).* Here, Plaintiff has not set forth a single averment to demonstrate an agreement was formed between Defendants Smith, Nicholas, Blair-Morrison, Wool, Waltman, Frantz, Wetzel, Camp and Baskerville. In the absence of specific allegations setting forth the details of such an agreement, the civil conspiracy claim must be dismissed.

### V. Plaintiff's State Law Claims (Counts X and XIII) are Barred by Sovereign Immunity

Count X asserts a state law claim for tortious interference with business relationship against Defendant Blair-Morrison. Count XIII asserts a claim for Conspiracy to Wrongfully Terminate against Defendants Blair-Morrison and Nicholas. Both Blair-Morrison and Nicholas are employees of the DOC. *Doc. 25,* ¶¶*24, 27.* Both counts seek monetary damages. "The doctrine of sovereign

9

immunity, codified at 1 Pa.C.S. §2310, protects the Commonwealth and its employees from …a suit for monetary damages unless the cause of action falls within one of several statutory exceptions….” *Johnson v. Townsend,* 314 F.App'x 436, 439 (3d Cir. 2008). The General Assembly has waived sovereign immunity and consented to suit in only nine (9) limited circumstances, none of which are applicable to this case. 42 Pa. C.S.A. §8522(b). The only exception that is even arguably related is the medical-professional liability exception which waives sovereign immunity for "[a]cts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel." 42 Pa. C.S.A. §8522(b)(2). Here, Defendant Nicholas, is not health care personnel so the exception cannot apply to her. *See Green v. Fisher*, Civ. A. No. 12-982, 2014 WL 65763, *11 (M.D. Pa. Jan. 8, 2014) (dismissing medical care negligence claim against the warden, deputy warden, safety manager, and food service manager of SCI Smithfield on sovereign immunity grounds because none of those defendants were health care employees.). *See also, Chimenti v. PA Dept. of Corrections,* No. 15-3333, 2016 WL 1125580, *8 (E.D. Pa., Mar. 21, 2016) (dismissing state law medical malpractice claim against Wetzel because he is an employee of the commonwealth and no exceptions to sovereign immunity apply). While Defendant Blair-Morrison is a Commonwealth nurse, the state law claims against her (Tortious Interference with Business Relationship, and

Conspiracy to Wrongfully Terminate) are intentional torts. The Pennsylvania courts have held "there is no waiver of sovereign immunity for intentional tort claims." *Kull v. Guisse,* 81 A.3d 148, 157 (Pa.Cmwlth.2013), *appeal denied,* 91 A.3d 163 (Pa.2014). "Waiver of a Commonwealth employee's sovereign immunity requires a negligent act." *Fennell v. Grove*, No. 995 C.D. 2015, 2016 WL 1089145, at *4 (Pa. Cmwlth. Mar. 18, 2016). Further, sovereign immunity is broader than Eleventh Amendment immunity as it "applies to Commonwealth employees in both their official and individual capacities." *Kintzel v. Kleeman*, 965 F.Supp.2d 601 at 606 (M.D. Pa. 2013) (quoting *Larsen v. State Emps.' Ret. Sys.*, 553 F.Supp.2d 403, 420 (M.D. Pa. 2008)). Moreover, "[u]nlike employees of municipal agencies who remain liable for intentional torts, employees of Commonwealth agencies are immune from liability even for intentional torts." *Mitchell v. Luckenbill*, 680 F.Supp.2d 672, 682 (M.D. Pa. 2010) (citing *Dill v. Oslick*, No. Civ. A. 97-6753, 1999 WL 508675, at *4 (E.D. Pa. July 19, 1999)). Here, the state law claims raised in Counts X and XIII sound in intentional tort and not negligence; therefore, the Defendants Blair-Morrison and Nicholas are entitled to sovereign immunity with respect to these claims. This immunity bars Plaintiff's claims depriving this court of subject matter jurisdiction.

**VI.     Plaintiff Has Failed to State a Claim for Supervisory Liability**

Count XIV of Plaintiff's Amended Complaint is framed as a claim for supervisory liability against Defendants Wetzel, Smith and Blocker. Essentially, it

11

alleges these Defendants are liable to Plaintiff for their failure to train and supervise their subordinates. In order to state a claim for supervisorial liability under Section 1983, plaintiff must "demonstrate a causal link between the misconduct complained of and the actions of the supervisory officials." *Heinly v. Commonwealth of PA*, 153 Pa. Cmwlth 599, 610 (1993) *citing Rizzo v. Goode,* 423 U.S. 362, (1976); *Scott v. Willis,* 116 Pa.Cmwlth 327 (1988). "A plaintiff must be able to show that a [] supervisor had some specific knowledge of the unconstitutional conduct and intentionally acquiesced in this conduct by failing to establish proper procedures or by failing to train and supervise [subordinates] adequately." *DiGiovanni v. City of Philadelphia,* 531 F.Supp. 141, 145 (E.D.Pa.1982). Conclusory allegations, as set forth in Plaintiff's amended complaint, are not sufficient to state a claim under Section 1983; therefore, Count XIV must be dismissed.

### VII. Plaintiff's Claims Against Defendants Blocker, Nicholas, Smith and Wetzel Fail Due to Lack of Personal Involvement

Under § 1983, a plaintiff must demonstrate that each and every government defendant was personally involved in the alleged wrongdoing. *See Evancho v. Fisher*, 423 F.3d 347 at 353 (3d Cir., 2005); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "[A]lleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient." *Kirk v. Roan*, No. 1:04-cv-1990, 2006 WL 2645154, at *3 (M.D. Pa., Sept. 14, 2006). Rather, allegations of personal involvement must be made with

particularity. *Rode*, 845 F.2d at 1207. Personal involvement cannot be imposed upon a state official based solely on a theory of *respondeat superior*. *See Rizzo, supra. See also, Rode*, 845 F.2d at 1207; *Knight v. Lowry*, No. 3:CV-10-2168, 2012 WL 750910, *6 (M.D. Pa., March 8, 2012). Here, Plaintiff has not set forth a single factual allegation to demonstrate that Defendants Blocker, Nicholas, Smith or Wetzel were personally involved in any alleged deprivation of his Constitutional rights. Rather, Plaintiff sets forth nothing more than conclusory statements regarding these Defendants. *See Doc. 25.* Such statements are not enough to survive a motion to dismiss. Accordingly, the claims against them must be dismissed.

**VIII. Plaintiff Has Failed to State a Claim for Relief Under the Pennsylvania Constitution**

Counts I, II, III, IV, and VII of Plaintiff's Complaint allege violations of the Pennsylvania Constitution and/or seek monetary damages for reputational harm under the Pennsylvania Constitution. *Doc. 25, ¶¶139, 147, 160, 173, 208.* "[N]o Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution." *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.,* 442 F. App'x 681, 687 (3d Cir. 2011) (*citing Jones v. City of Phila.*, 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006)). Accordingly, Plaintiff's claims under the Pennsylvania Constitution must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants' Partial Motion to Dismiss should be granted and Counts III, IV, V, VI, VII, VIII, and XIV should be dismissed in their entirety; Count X should be dismissed as to Defendant Blair-Morrison; Count XIII should be dismissed as to Defendants Blair-Morrison and Nicholas; Defendants Blocker, Nicholas, Smith, and Wetzel should be dismissed; and all claims for monetary damages under the Pennsylvania Constitution should be dismissed.

                                **Respectfully submitted,**

                                **JOSH SHAPIRO**
                                **Attorney General**

                     By:   *s/ Karen M. Romano*
                                **KAREN M. ROMANO**
**Office of Attorney General**        **Deputy Attorney General**
**15th Floor, Strawberry Square**   **Attorney ID 88848**
**Harrisburg, PA 17120**
**Phone: (717) 787-2717**          **KENNETH L. JOEL**
**Fax:   (717) 772-4526**          **Chief Deputy Attorney General**
[kromano@attorneygeneral.gov](mailto:kromano@attorneygeneral.gov)      **Chief, Civil Litigation Section**

**Date:   August 16, 2017**          *Counsel for DOC & PSP Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DONALD J. STONE AND DEBORAH L. STONE,** | : No. 4:17-CV-0864 |
| Plaintiffs | : |
| | : Honorable John Jones, III |
| v. | : |
| | : Electronically Filed Document |
| **SHAWN WALTMAN, JAMES WOOL, CORRECT CARE SOLUTIONS,LLC, LESLIE BLAIR-MORRISON, WENDY NICHOLAS, WILLIAM FRANTZ, JOHN WETZEL, MICHAEL SHIREY, AARON BIICHLE, ROBERT SMITH, TYREE C. BLOCKER, CHELSEY CAMP and CHERYL BASKERVILLE,** | : |
| Defendants | : *Complaint Filed 5/16/17* |

**CERTIFICATE OF SERVICE**

I, Karen M. Romano, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on August 16, 2017, I caused to be served a true and correct copy of the foregoing document titled Brief in Support of Motion for Partial Dismissal to the following:

**VIA ECF:**

| | |
|---|---|
| **Gregory T. Moro** | **Benjamin D. Andreozzi** |
| **Hope R. Moro** | **Nathaniel L. Foote** |
| Moro & Moro Law | Andreozzi & Associates, P.C. |
| 105 E. Market Street | 111 North Front Street |
| Danville, PA  17821 | Harrisburg, PA 17101 |
| *Counsel for Plaintiff* | *Counsel for Defendant Camp* |
| | |
| **Brian J. Bluth** | **Maria Greco Danaher, Esq.** |
| McCormick Law Firm | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| 835 West Fourth Street | One PPG Place, Suite 1900 |
| Williamsport, PA  17701 | Pittsburgh, PA  15222 |
| *Counsel for Defendant Biichle* | *Counsel for Defendant Correct Care Solutions* |

             s/ *Karen M. Romano*
             **KAREN M. ROMANO**
             **Deputy Attorney General**