**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONALD J. STONE AND DEBORAH L. STONE,** | **:** | **No. 4:17-CV-0864** |
| **Plaintiffs** | **:** | |
| | **:** | **Honorable John Jones, III** |
| **v.** | **:** | |
| | **:** | **Electronically Filed Document** |
| **SHAWN WALTMAN, JAMES WOOL, CORRECT CARE SOLUTIONS,LLC, LESLIE BLAIR-MORRISON, WENDY NICHOLAS, WILLIAM FRANTZ, JOHN WETZEL, MICHAEL SHIREY, AARON BIICHLE, ROBERT SMITH, TYREE C. BLOCKER, CHELSEY CAMP and CHERYL BASKERVILLE,** | **:** | |
| **Defendants** | **:** | *Complaint Filed 5/16/17* |

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINTOF THE DEPARTMENT OF CORRECTIONS DEFENDANTS AND PENNSYLVANIA STATE POLICE DEFENDANTS**

## PROCEDURAL HISTORY

Plaintiff filed a Complaint on May 16, 2017, asserting a variety of claims against a number of Defendants. *Doc. 1.* Following the filing of a partial motion to dismiss by the DOC and PSP Defendants, Plaintiff filed an Amended Complaint on August 3, 2017. *Doc. 25.* On August 16, 2017, DOC and PSP Defendants moved for Partial Dismissal of the Amended Complaint and filed a brief in support. *Doc. 29-*

30.  Plaintiff filed a Brief in Opposition on August 29, 2017.  *Doc. 36.*  This Brief is submitted in response to Plaintiff's brief and in further support of Defendants' motion for partial dismissal.

## ARGUMENT

I.    **Plaintiff's Fifth Amendment Claims (Counts III and IV) Must be Dismissed**

Defendants argue that Plaintiff's Fifth Amendment claims raised in Counts III and IV of the amended complaint must be dismissed because Defendants are not federal actors.  *Doc. 30, page 5-6.*  Plaintiff has argued that Defendants have misinterpreted his claims, stating he is actually alleging a violation of the Fifth Amendment's self-incrimination clause rather than raising due process claims[1].   In support of his argument that the Fifth Amendment claims should survive Defendants' motion to dismiss Plaintiff relies upon the cases of *Smith v. Dauphin County Adult Probation Dept.,* No. 1:06-cv-2009, 2007 WL 2692320 (M.D. Pa., Sept. 12, 2007) and *James v. York County Police Dept.,* No. Civ.A. 101CV1015, 2005 WL 1154500 (M.D. Pa., May 6, 2005).   While Plaintiff is correct that neither court dismissed a self-incrimination claim on the basis that Defendants were not Federal actors, the cases actually provide support for the dismissal of Plaintiff's Fifth Amendment claim.

---

[1] This claim is made despite the fact that Count IV is specifically captioned "Substantive and Procedural Due Process (Firth Amendment self-incrimination.)". *See Doc. 25, page 29.*

In *Smith,* the Court stated "violations of *Miranda*'s prophylactic measures do not amount to violations of the Constitution itself.  It is only when a *Miranda* violation compels an individual to be a witness against himself in a criminal prosecution that a constitutional violation occurs. Accordingly, conducting a custodial interrogation without *Miranda* warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against [him] at trial."  *Smith,* 2005 WL 1154500 at *8 (*internal quotation marks and citations omitted).*  Similarly, the *James* court stated, "there is no inherent constitutional violation for failure to follow the prescriptions of *[Miranda]*, but rather, *Miranda,* created procedural protections to safeguard a criminal defendant from self-incrimination."  *James,* 2005 WL 1154500 at *6.  Here, just as in *James*, Plaintiff has already challenged the use of the alleged custodial statements by filing a motion to suppress.  *See Doc. 25, ¶¶104-107.*  The trial court's ruling on the pre-trial motion to suppress remains on appeal.  *See Exhibit A.*  In light of the appeal, Plaintiff's criminal trial has not yet occurred.  *See Exhibit B.* Accordingly, Plaintiff's statements have not been used against him; therefore, even if Defendants originally misinterpreted Plaintiff's Fifth Amendment claim, the claim still fails to state a claim for relief under Section 1983 for violations of Plaintiff's Fifth Amendment rights.

**II.    The Due Process Claims Raised in Counts V and VI Must be Dismissed Because Failure to Adhere to Administrative Regulations Does Not Equate to a Constitutional Violation and PREA Does Not Create a Private Right of Action**

Defendants have argued that Plaintiff's claims for violations of his substantive and procedural due process rights in Counts V and VI based upon the alleged failure of the Defendants to follow the guidelines of PREA must be dismissed both because the failure of a state agency to adhere to administrative regulations does not equate to a constitutional violation and because PREA does not create a private right of action. *Doc. 30, pages 6-7.*  Plaintiff argues that PREA is not actually a DOC policy, but rather, the adoption of a Federal Act and that his claim is actually raised under Section 1983 and not PREA, thereby distinguishing it from the cases cited by Defendants. *Doc. 36, page 10-12.*  This argument does not save Plaintiff's claims for dismissal.

In *Kneipp v. Tedder,* the United States Court of Appeals for the Third Circuit explained that "[s]ection 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws" and held that "[i]n order to establish a section 1983 claim, a plaintiff must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." *Kneipp,* 95 F.3d 1199, 1204 (3d Cir.1996) (*internal quotes and citations omitted*).  As set forth in Defendants' original brief, it

is well settled that PREA does not create a private right of action.  *See Williams v. Harry,* 2016 WL 9175473, *3 (M.D. Pa., Aug. 25, 2016) (collecting cases).   Further, courts of this Circuit have recognized a "plaintiff cannot use section 1983 as a vehicle to raise a claim for which there is no private right of action."  *Bowens v. Employees of the Dep't of Corr.*, No. CV 14-2689, 2016 WL 3269580, at *3 (E.D. Pa. June 15, 2016), *mandamus dismissed sub nom. In re Bowens*, 668 F. App'x 14 (3d Cir. 2016), and *aff'd sub nom. Bowens v. Wetzel*, 674 F. App'x 133 (3d Cir. 2017), *citing Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002) ("where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action").   *See also, Henry v. CO #2 Gilara,* No. 16-167ERIE, 2017 WL 3424863 (W.D. Pa., Aug. 9, 2017); *Walsh v. N.J. Dept. of Corrections, et al.,* No. 17-2442, 2017 WL 3835666 (D. N.J., Aug. 31, 2017).   The *Bowens* decision related specifically to a Plaintiff's attempt to bring a claim for failure of various DOC employees to follow the mandates of PREA.  It is not surprising that Plaintiff has not cited a single case to support his contention that Section 1983 supports a claim for violations of PREA as the courts which have addressed the issue have consistently held that no such claim exists.  As plaintiff has failed to state a claim for violations of PREA under the Fourteenth Amendment, Counts V and VI of the Amended Complaint must be dismissed.

### III.   The Substantive Due Process Claim Raised in Count VII Must be Dismissed Under the More-Specific Provision Rule

Defendants have argued that Plaintiff's substantive due process claim raised in Count VII must be dismissed under the more-specific provision rule based upon the holding of *Betts v. New Castle Youth Development Center,* 621 F.3d 249 (3d Cir. 2010).  *Doc. 30, pages 7-8.*  Plaintiff argues that the Court should overlook the rule of law adopted in *Betts* after consideration of the earlier decided case of *Chavez v. Martinez,* 538 U.S. 760 (2003).   *Doc. 36, pages 12-14.*  Plaintiff argues that Defendants' behavior rises to the level of conscious shocking; therefore, the Court should permit a claim for a violation of Plaintiff's Fourteenth Amendment due process rights. *Id.*  This argument overlooks the fact that in *Chavez*, Plaintiff was arguing that Defendants had violated his Fourteenth Amendment substantive due process right to be free from coercive questioning.  *See Chavez, Syllabus.*   Such a claim is not covered by any other specific constitutional provision.   In contrast, Plaintiff here is asserting a claim related to an alleged illegal search.   Such a claim is clearly covered by the Fourth Amendment; accordingly, it should not be analyzed under the construct of substantive due process.

### IV.   Plaintiff's Civil Conspiracy Claim (Count VIII) Must Be Dismissed Because Plaintiff has Not Demonstrated a Meeting of the Minds

Defendants have argued that Plaintiff's civil conspiracy claim must be dismissed because Plaintiff has not demonstrated a meeting of the minds. *Doc. 30,*

*pages 8-9.*   Plaintiff argues that the amended complaint is "very specific" and sets forth a *prima facie* claim for civil conspiracy.   *Doc. 36, page 14.*   A clear reading of the amended complaint proves otherwise.

When analyzing a motion to dismiss the Court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).   Further, the Court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.   In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.   *Id.*   "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— that the pleader is entitled to relief."   *Id. (internal quotations and citations omitted).*   Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."   *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).   Plaintiff's amended complaint contains the following factual averments:

> 36.  At the outset of his full-time employment with SCI Muncy, Dr. Stone questioned many of the decisions of Leslie Blair-Morrison, a non-physician, who was his supervisor at said Institution.

> 37.  In addition, Dr. Stone questioned many of the security practices at SCI Muncy as it related to the medical care administered to the inmate population at SCI Muncy.

38. Given that he was new to the position as Chief Medical Officer at SCI Muncy, and questioned the existing practices, Dr. Stone immediately alienated certain members of the SCI Muncy staff and Leslie Blair Morrison.

39. Dr. Stone's questions about security practices are also believed to have alienated Defendant Wendy Nicholas, who was the Deputy Superintendent of Facilities Management and in charge of security.

40. In addition, Dr. Stone provided exemplary care to the inmate population, which was not always well received by personnel at SCI Muncy and/or Defendant Leslie Blair-Morrison.

*Doc. 25, ¶¶36-40.*   These facts, even when accepted as true, are not sufficient to set forth a *prima facie* case for civil conspiracy.   The mere fact that Plaintiff may have been unpopular with the SCI Muncy staff does not give rise to the inference that the Defendants conspired to have his security clearance revoked and his job terminated. Even if the court considers Plaintiff's averments that various Defendants were aware of the PREA allegation, it is not sufficient to establish a meeting of the minds for a civil conspiracy claim.   The remaining allegations in the amended complaint are actually legal conclusions disguised as factual averments which must not be accepted as true.  Plaintiff's brief in opposition attempts to expand upon the averments of the amended complaint to fill in the missing gaps; however, these new facts must be disregarded as "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Commonwealth of Pennsylvania ex. rel.*

*Zimmerman v. PepsiCo, Inc.,* 836 F.2d 178, 181 (3d Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984), *cert. denied,* 470 U.S. 1054 (1984)).   The face of the amended complaint is not sufficient to set forth a claim for civil conspiracy; therefore, Count VIII must be dismissed.

## V.   Plaintiff's State Law Claims (Counts X and XIII) are Barred by Sovereign Immunity

Defendants allege that the claims for tortious interference with business relationship against Defendant Blair-Morrison and for Conspiracy to Wrongfully Terminate against Defendants Blair-Morrison and Nicholas must be dismissed because Defendants are entitled to sovereign immunity under 1 Pa. C.S. §2310.  *Doc. 30, pages 9-11.*   Plaintiff agrees that Defendant Nicholas should be dismissed from Count XIII.  *Doc. 36, page 23.*  With respect to Defendant Blair-Morrison, Plaintiff argues that, because she is a nurse, sovereign immunity does not apply.  *Doc. 36, page 22.*  Plaintiff further argues that sovereign immunity does not apply because Blair-Morrison was acting outside the scope of her employment.  *Doc. 25, page 22.* These arguments fail.

The mere fact that Defendant Blair-Morrison is a nurse does not automatically implicate the medical-professional liability exception to Pennsylvania's sovereign immunity statute.   The exception applies to "[a]cts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel."   42 Pa. C.S.A.

§8522(b) (2). Essentially, it waives immunity for medical malpractice claims. *See*

*Torres v. Doe,* No. 2377 C.D. 2010, 2011 WL 10858421 (Pa. Cmwlth, Aug, 2, 2011).

Here, the alleged actions of Defendant Blair-Morrison do not in any way relate to

medical care or treatment determinations made by her; accordingly, they do not fall

within the confines of the medical-professional liability exception and she is entitled

to sovereign immunity. Further, Plaintiff's amended complaint has not set forth any

factual averments to demonstrate that Defendant Blair-Morrison was acting outside

the scope of her employment at any time. Rather, it sets forth conclusory assertions

to this effect which must not be accepted as true. It is important to note that

Defendant Blair-Morrison was Plaintiff's supervisor. *Doc. 25, ¶5.* In this context,

her duties necessarily extended beyond those of a healthcare worker as portrayed by

Plaintiff. Moreover, Plaintiff fails to consider that additional duties may have been

delegated to Ms. Blair-Morrison by her superiors at SCI Muncy. Absent specific

factual averments to demonstrate a meeting of the minds Plaintiff's claim for civil

conspiracy must fail.

## VI. Plaintiff Has Failed to State a Claim for Supervisory Liability

Defendants have alleged that Plaintiff fails to set forth a claim for supervisory

liability against Defendants Smith, Wetzel and Blocker. *Doc. 30, pages 11-12.*

Plaintiff argues that he has clearly set forth such a claim in paragraphs 257 to 261 of

the amended complaint. *Doc. 36, page 24.* A review of these paragraphs reveals

they are nothing more than legal conclusions couched as factual allegations. Accordingly, the Court must not accept them as true in considering a motion to dismiss. *Twombly,* 550 U.S. 544, 555.   Perhaps most telling, the names of Defendants Smith, Wetzel and Blocker do not appear, other than in identification paragraphs, in the 133 paragraphs that set forth Plaintiff's factual averments.  Rather, they only appear in conclusory legal assertions in Count XIV.  Plaintiff's amended complaint does not set forth any factual averments which demonstrate a causal link between the misconduct complained of and the actions of the supervisory officials. Accordingly, Plaintiff has failed to set forth a claim for supervisory liability.  *See Heinly v. Commonwealth of PA*, 153 Pa. Cmwlth 599, 610 (1993).

## VII.  Plaintiff's Claims Against Defendants Blocker, Nicholas, Smith and Wetzel Fail Due to Lack of Personal Involvement

Defendants have argued that Plaintiff has failed to demonstrate the personal involvement of Defendants Blocker, Nicholas, Smith and Wetzel required to support a Section 1983 claim.  *Doc. 30, pages 12-13.*  Plaintiff argues that, as with Count XIV, paragraphs 257 through 261 demonstrate the personal involvement of Defendants Smith, Wetzel and Blocker.  *Doc. 36, page 25.*  Again, these paragraphs are nothing more than conclusory statements couched as factual allegations which must be disregarded.  Plaintiff's brief in opposition indicates that he "believes" Defendants Blocker, Wetzel and Smith were aware of the actions and intentions of the other Defendants (*Doc. 36, page 25),* yet the amended complaint does not set

11

forth a single factual allegation to support this belief. Plaintiff may not use his brief in opposition to amend the complaint. *Zimmerman,* 836 F.2d 178, 181. Moreover, Plaintiff has not set forth any argument to demonstrate the personal involvement of Defendant Nicholas; therefore, he has waived his right to refute that argument and judgment should be granted in Defendant's favor. *See Hackett v. Cmty. Behavioral Health,* No. 03–6254, 2005 WL 1084621, at *6 (E.D.Pa. May 6, 2005) (failure to address claims waives opportunity to contest summary judgment on that ground); *see also Ankele v. Hambrick,* 286 F.Supp.2d 485, 496 (E.D.Pa.2003); (deeming plaintiff's malicious prosecution claim waived for failing to respond to defendant's argument in  summary judgment motion).

## VIII. Plaintiff Has Failed to State a Claim for Relief Under the Pennsylvania Constitution

Defendant argued that the violations of the Pennsylvania Constitution alleged in Counts I, II, III, IV, and VII of Plaintiff's amended complaint must be dismissed as no Pennsylvania court has recognized a private cause of action for damages under the Pennsylvania Constitution. *Doc. 30, page 13.* Plaintiff argues that he has not asserted any claims under the Pennsylvania Constitution so Defendants' argument is moot. *Doc. 36, page 26.* The amended complaint states:

> 139. The Defendants' actions of detaining Dr. Stone without probable cause violated Dr. Stone's rights under the Fourth Amendment of the United States Constitution and **Article One, Section Eight of the Pennsylvania Constitution**;

147. The search of Dr. Stone's vehicle was Unconstitutional under the Fourth Amendment of the United States Constitution and **Article One, Section Eight of the Pennsylvania Constitution**;

160. Both Defendants, as set forth above, violated Dr. Stone's rights under the Fifth Amendment to the United States Constitution and **Article One, Section Nine of the Pennsylvania Constitution**;

173. Both Defendants, as set forth above, violated Dr. Stone's rights under the Fifth Amendment to the United States Constitution and **Article One, Section Nine of the Pennsylvania Constitution**; and

208. The search of Dr. Stone's vehicle was Unconstitutional under the Fourth Amendment of the United States Constitution and **Article One, Section Eight of the Pennsylvania Constitution**, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

*Doc. 25, ¶¶139, 147, 160, 173, 208 (emphasis added).* As Plaintiff's amended complaint seeks only monetary relief, these claims must be dismissed.

> Respectfully submitted,
>
> **JOSH SHAPIRO**
> **Attorney General**
>
> By:   *s/ Karen M. Romano*
> _____
> **KAREN M. ROMANO**
> **Deputy Attorney General**
> **Attorney ID 88848**

**Office of Attorney General**
**15th Floor, Strawberry Square**

**Harrisburg, PA 17120**
**Phone: (717) 787-2717**                    **KENNETH L. JOEL**
**Fax:     (717) 772-4526**                    **Chief Deputy Attorney General**
**kromano@attorneygeneral.gov**       **Chief, Civil Litigation Section**

**Date:   September 12, 2017**           *Counsel for DOC & PSP Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONALD J. STONE AND DEBORAH L. STONE,** | **:** | **No. 4:17-CV-0864** |
| **Plaintiffs** | **:** | |
| | **:** | **Honorable John Jones, III** |
| **v.** | **:** | |
| | **:** | **Electronically Filed Document** |
| **SHAWN WALTMAN, JAMES WOOL, CORRECT CARE SOLUTIONS,LLC, LESLIE BLAIR-MORRISON, WENDY NICHOLAS, WILLIAM FRANTZ, JOHN WETZEL, MICHAEL SHIREY, AARON BIICHLE, ROBERT SMITH, TYREE C. BLOCKER, CHELSEY CAMP and CHERYL BASKERVILLE,** | **:** | |
| **Defendants** | **:** | *Complaint Filed 5/16/17* |

<u>**CERTIFICATE OF SERVICE**</u>

I, Karen M. Romano, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on September 12, 2017, I caused to be served a true and correct copy of the foregoing document titled Reply Brief in Further Support of Motion for Partial Dismissal to the following:

<u>**VIA ECF:**</u>

**Gregory T. Moro**                       **Benjamin D. Andreozzi**
**Hope R. Moro**                          **Nathaniel L. Foote**
Moro & Moro Law                           Andreozzi & Associates, P.C.
105 E. Market Street                      111 North Front Street
Danville, PA  17821                       Harrisburg, PA 17101
*Counsel for Plaintiff*                   *Counsel for Defendant Camp*


**Brian J. Bluth**                        **Maria Greco Danaher, Esq.**
McCormick Law Firm                        Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
835 West Fourth Street                    One PPG Place, Suite 1900
Williamsport, PA  17701                   Pittsburgh, PA  15222
*Counsel for Defendant Biichle*           *Counsel for Defendant Correct Care Solutions*


<u>s/ *Karen M. Romano*</u>
**KAREN M. ROMANO**
**Deputy Attorney General**