## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD J. STONE AND DEBORAH L. STONE,** | **:** | **No. 4:17-CV-0864** |
| **Plaintiffs** | **:** | |
| | **:** | **Honorable John Jones, III** |
| **v.** | **:** | |
| | **:** | **Electronically Filed Document** |
| **SHAWN WALTMAN, JAMES WOOL, CORRECT CARE SOLUTIONS,LLC, LESLIE BLAIR-MORRISON, WILLIAM FRANTZ, JOHN WETZEL, MICHAEL SHIREY, AARON BIICHLE, ROBERT SMITH, TYREE C. BLOCKER, CHELSEY CAMP and CHERYL BASKERVILLE,** | **:** | |
| | **:** | |
| **Defendants** | **:** | *Complaint Filed 5/16/17* |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BLAIR-MORRISON, FRANTZ, SHIREY, SMITH, WALTMAN, AND WETZEL TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, Lesley Blair-Morrison, William Frantz, Michael Shirey, Robert Smith, Shawn Waltman and John Wetzel (DOC Defendants) by and through his undersigned counsel, responds to Plaintiff's Amended Complaint *(Doc. 25)* as follows:

1.     Upon information and belief, ADMITTED.

2.     DENIED as stated.  It is ADMITTED that Defendant Waltman has the stated business address.

3.     The averments of this paragraph are not directed to the DOC Defendants; therefore, no response is made.

4.     The averments of this paragraph are not directed to the DOC Defendants; therefore, no response is made.

5.     DENIED as stated.  It is ADMITTED that Defendant Blair-Morrison was employed by the Department of Corrections as the Corrections Health Care Administrator at SCI Muncy.  The remaining averments are DENIED.

6.     Defendant Nicholas has been dismissed. *See Doc. 43.*

7.     DENIED as stated.  It is ADMITTED that Defendant Frantz has the stated business address.

8.     DENIED as stated.  It is ADMITTED that Defendant Shirey has the business address stated.

9.     The averments of this paragraph are not directed to the DOC Defendants; therefore, no response is made.

10.    ADMITTED.

11.    ADMITTED.

12.    The averments of this paragraph are not directed to the DOC Defendants; therefore, no response is made.

13.    The averments of this paragraph are not directed to the DOC Defendants; therefore, no response is made.

14.     The averments of this paragraph are not directed to the DOC Defendants; therefore, no response is made.

15.     The averments of this paragraph constitute legal conclusions to which NO RESPONSE is required.

16.     The averments of this paragraph constitute legal conclusions to which NO RESPONSE is required.

17.     Upon information and belief, ADMITTED.

18.     DENIED.

19.     Upon information and belief, ADMITTED.

20.     After reasonable investigation, DOC Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED.

21.     ADMITTED.

22.     DENIED.

23.     It is ADMITTED that Defendant Blair-Morrison was employed as the Corrections Health Care Administrator at SCI Muncy.  The remaining averments constitute conclusions of law to which NO RESPONSE is required.  To the extent the averments are deemed factual, they are DENIED.

24.     ADMITTED.

25.    DENIED as stated.   It is ADMITTED that Defendant Waltman is employed by the Pennsylvania Department of Corrections at SCI Muncy.

26.    The averments of this paragraph are not directed to DOC Defendants; therefore, NO RESPONSE is made.

27.    Defendant Nicholas has been dismissed.   *See Doc. 43.*

28.    It is ADMITTED that at time of the events giving rise to this litigation, Defendant Shirey was a Lieutenant at SCI Muncy.

29.    The averments of this paragraph are not directed to DOC Defendants; therefore, NO RESPONSE is made.

30.    The averments of this paragraph constitute legal conclusions to which NO RESPONSE is required.   To the extent the averments are factual, they are DENIED.

31.    The averments of this paragraph constitute legal conclusions to which NO RESPONSE is required.   To the extent the averments are factual, they are DENIED.

32.    The averments of this paragraph are not directed to DOC Defendants; therefore, NO RESPONSE is made.

33.    ADMITTED.

34.    ADMITTED.

35.    ADMITTED.

36.     DENIED.

37.     DENIED.

38.     DENIED.

39.     DENIED.

40.     DENIED.

41.     ADMITTED.

42.     Upon information and belief, ADMITTED.

43.     ADMITTED.

44.     ADMITTED.

45.     The averments of this paragraph constitute conclusions of law to which NO RESPONSE is required.

46.     DENIED.

47.     Upon information and belief, ADMITTED.

48.     DENIED as stated.  DOC Defendants do not know what Plaintiff means by "PREA forms."  It is ADMITTED that Camp authored a written statement.

49.     The averments of this paragraph constitute conclusions of law to which NO RESPONSE is required.

50.     DENIED as stated.  DOC Defendants do not know what Plaintiff means by "PREA forms."  It is ADMITTED that Camp authored a written statement.

51.     DENIED.

52.     DENIED.

53.     DENIED.

54.     The averments of this paragraph constitute conclusions of law to which NO RESPONSE is required.

55.     The averments of this paragraph constitute conclusions of law to which NO RESPONSE is required. To the extent they are factual, they are DENIED.

56.     DENIED as stated. It is ADMITTED Defendant Blair-Morrison was asked to escort Dr. Stone to the security office.

57.     DENIED.

58.     It is ADMITTED that Defendant Blair-Morrison escorted Dr. Stone to the security office.

59.     DENIED.

60.     DENIED.

61.     DENIED.

62.     DENIED as stated. It is ADMITTED that Defendant Waltman contacted the Pennsylvania State Police.

63.     DENIED as stated. It is ADMITTED that Defendant Wool traveled to SCI Muncy after Defendant Waltman contacted the Pennsylvania State Police.

64.     DENIED as stated. It is ADMITTED that Dr. Stone was escorted to an unoccupied office.

65. DENIED.

66. ADMITTED.

67. DENIED.

68. DENIED.

69. It is ADMITTED that Dr. Stone was advised of the allegations.

70. ADMITTED.

71. It is ADMITTED that Plaintiff wrote a statement.  That statement is a written document which speaks for itself.

72. ADMITTED.

73. DENIED as stated.   It is ADMITTED that Defendant Wool met with Defendant Waltman upon his arrival to SCI Muncy and that they discussed the nature of the allegations against Dr. Stone.

74. DENIED as stated.

75. DENIED.

76. The averments of this paragraph constitute conclusions of law to which NO RESPONSE is required.  By way of further response, Defendant Waltman does not have arresting powers.

77. Upon information and belief, ADMITTED.

78. The averments of this paragraph constitute conclusions of law to which NO RESPONSE is required.  To the extent they are factual in nature, they are

DENIED.  By way of further response, Defendant Waltman does not have arresting powers.

79.    The averments of this paragraph are not directed to DOC Defendants; therefore, NO RESPONSE is made.

80.    DENIED.

81.    The averments of this paragraph are not directed to DOC Defendants; therefore, NO RESPONSE is made.  To the extent they are deemed to be directed to DOC Defendants, they are DENIED.

82.    The averments of this paragraph constitute conclusions of law to which NO RESPONSE is required.  To the extent the averments are deemed factual, they are DENIED.

83.    ADMITTED.

84.    The averments of this paragraph are not directed to DOC Defendants; therefore, NO RESPONSE is made.

85.    The averments of this paragraph are not directed to DOC Defendants; therefore, NO RESPONSE is made.

86.    The averments of this paragraph are not directed to DOC Defendants; therefore, NO RESPONSE is made.

87.    The averments of this paragraph are not directed to DOC Defendants; therefore, NO RESPONSE is made.

88.   ADMITTED.

89.   DENIED as stated.  It is ADMITTED that Defendant Wool obtained the notebook from the passenger seat of Plaintiff's vehicle.

90.   The averments of this paragraph constitute conclusions of law to which NO RESPONSE is required.

91.   ADMITTED.

92.   ADMITTED.

93.   ADMITTED.

94.   DENIED as stated.  It is ADMITTED that an escort was provided.

95.   DENIED as stated.  It is ADMITTED that, after using the bathroom, Dr. Stone returned to the unoccupied office.

96.   DENIED as stated.  It is ADMITTED that Defendant Wool conducted a further interview with Plaintiff after obtaining the notebook.

97.   The averments of this paragraph constitute conclusions of law to which NO RESPONSE is required.   By way of further response, Defendant Waltman does not have arresting powers.

98.   DENIED.

99.   ADMITTED.

100.  ADMITTED.

101.   After reasonable investigation, DOC Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED.

102.   It is ADMITTED that criminal charges were filed.

103.   ADMITTED.

104.   After reasonable investigation, DOC Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED.  By way of further, Exhibit B is a written document which speaks for itself.

105.   After reasonable investigation, DOC Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED.

106.   After reasonable investigation, DOC Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED.

107.   After reasonable investigation, DOC Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED.

108.   The averments of this paragraph constitute conclusions of law to which NO RESPONSE is required.

109. The averments of this paragraph constitute conclusions of law to which NO RESPONSE is required. By way of further response, the PREA is a written document which speaks for itself.

110. The averments of this paragraph constitute conclusions of law to which NO RESPONSE is required. To the extent the averments are factual, they are DENIED. By way of further response, Defendant Waltman does not have arresting powers.

111. DENIED.

112. DENIED.

113. The averments of this paragraph constitute conclusions of law to which NO RESPONSE is required. To the extent the averments are factual, they are DENIED.

114. The averments of this paragraph constitute conclusions of law to which NO RESPONSE is required.

115. DENIED.

116. The averments of this paragraph constitute conclusions of law to which NO RESPONSE is required. To the extent they are deemed factual, they are DENIED.

117. DENIED as stated. It is ADMITTED that Defendant Blair-Morrison spoke with Defendant Baskerville and then authored an Employee Report of Incident.

118.   ADMITTED.

119.   ADMITTED.

120.   DENIED.

121.   ADMITTED.

122.   After reasonable investigation, DOC Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED.

123.   ADMITTED.

124.   After reasonable investigation, DOC Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED.

125.   DENIED.

126.   DENIED.

127.   It is ADMITTED that a criminal complaint was filed.

128.   DENIED as stated.  It is ADMITTED that the criminal complaint was withdrawn without prejudice.

129.   After reasonable investigation, DOC Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED.

130. After reasonable investigation, DOC Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED.

131. After reasonable investigation, DOC Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED.

132. After reasonable investigation, DOC Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED.

133. The averments of this paragraph constitute conclusions of law to which NO RESPONSE is required.

## COUNT I

134. No response required. DOC Defendants hereby incorporate their responses to Paragraphs 1 through 133 herein.

135.-140. The averments of these paragraphs constitute conclusions of law to which NO RESPONSE is required.

## COUNT II

141. No response required. DOC Defendants hereby incorporate their responses to Paragraphs 1 through 140 herein.

142.-148.    The averments of these paragraphs constitute conclusions of law to which NO RESPONSE is required.

### COUNTS III-VIII

149.-220.    Counts III through VIII were dismissed.  *See Doc. 43.*

### COUNT IX

221.-225.    The averments of these paragraphs are not directed to the DOC Defendants; therefore, NO RESPONSE is made.

### COUNT X

226.    No response required.    DOC Defendants hereby incorporate their responses to Paragraphs 1 through 225 herein.

227.    To the extent this paragraph is directed to Defendant Blair-Morrison, ADMITTED.    To the extent it is directed to non-DOC parties, after reasonable investigation, DOC Defendants lack sufficient information to form a belief as to the truth of the averments; therefore, they are DENIED.

228.-230.    The averments of these paragraphs constitute conclusions of law to which NO RESPONSE is required.

231.    The averments of this paragraph are not directed to the DOC Defendants; therefore, NO RESPONSE is made.

232.-233.    The averments of these paragraphs constitute conclusions of law to which NO RESPONSE is required.

COUNT XI

234.-237.   The averments of these paragraphs are not directed to the DOC Defendants; therefore, NO RESPONSE is made.

COUNT XII

238.   No response required.   DOC Defendants hereby incorporate their responses to Paragraphs 1 through 237 herein.

239.   The averments of this paragraph constitute conclusions of law to which NO RESPONSE is required.

240.   ADMITTED.

241.-246. The averments of these paragraphs constitute conclusions of law to which NO RESPONSE is required.

COUNT XIII

247.   No response required.   DOC Defendants hereby incorporate their responses to Paragraphs 1 through 246 herein.

248.   The averments of this paragraph are not directed to DOC Defendants; therefore, NO RESPONSE is made.

249.   DENIED as stated.

250.-255.   The averments of these paragraphs constitute conclusions of law to which NO RESPONSE is required.

<u>COUNT XIV</u>

256.   No response required.   DOC Defendants hereby incorporate their responses to Paragraphs 1 through 255 herein.

257-261.    The averments of these paragraphs constitute conclusions of law to which NO RESPONSE is required.

<u>COUNT XV</u>

262.   No response required.   DOC Defendants hereby incorporate their responses to Paragraphs 1 through 261 herein.

263.-264.    The averments of these paragraphs constitute conclusions of law to which NO RESPONSE is required.

## <u>AFFIRMATIVE DEFENSES</u>

In addition to the denials set forth above, DOC Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint must be dismissed because it fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

All or part of Plaintiff's claims may be barred by the Eleventh Amendment.

## THIRD AFFIRMATIVE DEFENSE

All or part of Plaintiff's claims may be barred by the doctrine of sovereign immunity.

## FOURTH AFFIRMATIVE DEFENSE

All or part of Plaintiff's claims may be barred by the doctrine of qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

DOC Defendants did not demonstrate any indifference, deliberate or otherwise, toward Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

At no time have DOC Defendants, either individually or in concert with others, deprived or sought to deprive Plaintiff of any rights, privileges or immunities secured to her by the Constitution or laws of the United States or the Constitution or laws of the Commonwealth of Pennsylvania.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages, attorneys' fees or costs and these claims must be denied and rejected.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint must be dismissed because he cannot demonstrate personal involvement by the Defendants.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff was detained, probable cause existed.

## TENTH AFFIRMATIVE DEFENSE

There was probable cause to search Plaintiff's vehicle and office.

## ELEVENTH AFFIRMATIVE DEFENSE

The exclusionary rule does not apply to a Section 1983 action.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was not treated differently than other similarly situated individuals.

## THIRTEETH AFFIRMATIVE DEEFENSE

Failure to adhere to policies does not amount to a Constitutional violation.

## FOURTEENTH AFFIRMATIVE DEFENSE

DOC Defendants acted within the scope of their employment at all relevant times.

## FIFTEENTH AFFIRMATIVE DEFENSE

Failure to administer *Miranda* warnings does not amount to a Constitutional violation.

DOC Defendants reserve the right to assert additional Affirmative Defenses, as appropriate, as this case moves forward.

WHEREFORE, DOC Defendants request that judgment be entered in their favor and Plaintiff's Complaint dismissed with prejudice.

A JURY TRIAL IS DEMANDED.

**Respectfully submitted,**

**JOSH SHAPIRO**
**Attorney General**

**By:**   *s/ Karen M. Romano*
_____
      **KAREN M. ROMANO**
**Office of Attorney General**      **Deputy Attorney General**
**15th Floor, Strawberry Square**      **Attorney ID 88848**
**Harrisburg, PA 17120**
**Phone: (717) 787-2717**      **KENNETH L. JOEL**
**Fax:    (717) 772-4526**      **Chief Deputy Attorney General**
**kromano@attorneygeneral.gov**      **Chief, Civil Litigation Section**

**Date:   November 15, 2017**      *Counsel for DOC Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONALD J. STONE AND DEBORAH L. STONE,** | : | **No. 4:17-CV-0864** |
| **Plaintiffs** | : | |
| | : | **Honorable John Jones, III** |
| **v.** | : | |
| | : | **Electronically Filed Document** |
| **SHAWN WALTMAN, JAMES WOOL, CORRECT CARE SOLUTIONS,LLC, LESLIE BLAIR-MORRISON, WENDY NICHOLAS, WILLIAM FRANTZ, JOHN WETZEL, MICHAEL SHIREY, AARON BIICHLE, ROBERT SMITH, TYREE C. BLOCKER, CHELSEY CAMP and CHERYL BASKERVILLE,** | : : : : : : : : : | |
| **Defendants** | : | *Complaint Filed 5/16/17* |

## CERTIFICATE OF SERVICE

I, Karen M. Romano, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on November 15, 2017, I caused to be served a true and correct copy of the foregoing document titled Answer and Affirmative Defenses to the following:

**VIA ECF:**

**Gregory T. Moro**  
**Hope R. Moro**  
Moro & Moro Law  
105 E. Market Street  
Danville, PA  17821  
*Counsel for Plaintiff*

**Brian J. Bluth**  
**Austin White**  
McCormick Law Firm  
835 West Fourth Street  
Williamsport, PA  17701  
*Counsel for Defendant Biichle*

**Maria Greco Danaher, Esq.**  
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.  
One PPG Place, Suite 1900  
Pittsburgh, PA  15222  
*Counsel for Defendant Correct Care Solutions*

s/ *Karen M. Romano*  
**KAREN M. ROMANO**  
**Deputy Attorney General**